1
2
3
4
5

LEXINGTON LAW GROUP
Eric Somers, State Bar No. 139050
Ryan Berghoff, State Bar No. 308812
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
esomers@lexlawgroup.com
rberghoff@lexlawgroup.com

6

Attorneys for Plaintiff
ADAM KEATS

7
8
9
10

UNITED STATES DISTRICT COURT

11

FOR THE NORTHERN DISTRICT OF CALIFORNIA

12
13

14

ADAM KEATS, on behalf of himself and all
others similarly situated,

Case No. 4:18-cv-02050-YGR

15

                Plaintiff,

**FIRST AMENDED CLASS ACTION
COMPLAINT**

16

        v.

17

BENJAMIN MOORE & CO.; and DOES 1
through 100, inclusive,

18

19

                Defendants.

20
21
22
23
24
25
26
27
28

DOCUMENT PREPARED
ON RECYCLED PAPER

Plaintiff Adam Keats ("Plaintiff"), on behalf of himself and those similarly situated, based on information, belief and investigation of his counsel, except for information based on personal knowledge, hereby alleges:

## INTRODUCTION

1.      This Complaint seeks to remedy the unlawful, unfair and deceptive business practices of defendant Benjamin Moore & Co. ("Defendant") with respect to the advertising, marketing and sales of its Natura brand paint ("Natura Paints"). Natura Paints are advertised, marketed and sold as "green" paints that have "Zero VOCs," "Zero emissions," and "No harsh fumes." However, contrary to these representations, the Natura Paints in fact contain, emit and expose consumers to volatile organic compounds ("VOCs").

2.      VOCs are emitted as gases from certain solids or liquids that are present in numerous household products such as paint. According to the Environmental Protection Agency ("EPA"), health effects from VOCs include respiratory ailments, damage to the immune system, headaches, loss of coordination and nausea, damage to the liver, the kidney and the central nervous system and cancer. These health effects are particularly acute in infants, children, asthmatics and those suffering from allergies. VOCs are a primary contributor to indoor air pollution, where concentrations can be up to ten times higher than outdoor concentrations (and even higher when products that contain VOCs such as paint are in use). VOCs are also an environmental hazard in that they react with sunlight and nitrogen oxides in air to form smog. Smog is a serious air pollutant that is especially harmful to senior citizens, children and people with heart and lung conditions such as emphysema, bronchitis and asthma. Thus, many consumers concerned about negative human and environmental health impacts actively seek products that do not contain or emit VOCs.

3.      Despite Defendants' marketing and advertising of Natura Paints as "green" paints that contain zero VOCs and emit no chemicals or harsh fumes, Defendants know and intend that the Natura Paints, when applied as directed, emit VOCs and expose those breathing the air to these chemicals both during and after application. Defendants' representations that Natura Paints contain zero VOCs and emit no chemicals or harsh fumes are material and false, and are likely to

DOCUMENT PREPARED ON RECYCLED PAPER

1  deceive members of the public.  These representations are also unethical, oppressive,

2  unscrupulous, and substantially injurious to consumers, and they violate California's legislatively

3  declared policy against misrepresenting the characteristics of goods and services.

4       4.    Plaintiff purchased Natura Paint in reliance on Defendants' false representations

5  that Natura Paints do not contain or emit VOCs or harsh fumes.  Plaintiff viewed Defendants'

6  false representations on the labels, brochures and other marketing materials for Natura Paints.  If

7  Plaintiff had known Natura Paints contain and emit VOCs, Plaintiff would not have purchased

8  Natura Paints and would have instead sought out true zero VOC paint.  Had he not been able to

9  purchase true zero VOC paint, he may have purchased Natura Paints but would not have paid a

10 premium price for Natura Paints.  Plaintiff therefore alleges that Defendants breached their

11 express warranty under the California Commercial Code §2313; violated the California

12 Consumers Legal Remedies Act ("CLRA") by making representations that Natura Paints have

13 characteristics, benefits and qualities which they do not have and by advertising Natura Paints

14 without the intent to sell them as advertised; and violated the Business and Profession Code

15 §17200 based on fraudulent, unlawful and unfair acts and practices.

16      5.    Plaintiff and the Class seek an order enjoining Defendants' acts of unfair

17 competition and other unlawful conduct, an award of damages to compensate them for

18 Defendants' acts of unfair competition, false and misleading advertising and breaches of

19 warranty, and restitution to the individual victims of Defendants' fraudulent, unlawful and unfair

20 acts and practices.

21                                    **PARTIES**

22      6.    Plaintiff Adam Keats is a resident of California.  Plaintiff has young children and

23 is concerned about indoor air quality and exposure to toxic chemicals.  Plaintiff is also concerned

24 about the environment and seeks out products that do not harm the environment.  Therefore,

25 Plaintiff specifically selected Natura Paints for his home in reliance upon Defendants'

26 representations that Natura Paints do not contain or emit VOCs or harsh chemicals.  The false

27 representations are located on the labels, brochures and other marketing materials for Natura

28 Paints.  Had Plaintiff known that Natura Paints contain, emit and expose consumers to VOCs,

Plaintiff would not have purchased Natura Paints, or would not have paid a premium price for Natura Paints.

7.      Defendant Benjamin Moore & Co. is a New Jersey corporation with its principal place of business in Montvale, New Jersey. Defendant Benjamin Moore & Co. manufactures, distributes and sells Natura Paints in California through a network of authorized, independent retailers, as well as through its own stores and website.

8.      DOES 1 through 100 are persons or entities whose true names and capacities are presently unknown to Plaintiff and members of the Class, and who therefore are sued by such fictitious names. Plaintiff and members of the Class are informed and believe, and on that basis allege, that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein and are responsible in some manner for the matters alleged herein. Plaintiffs will amend this Complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

9.      Defendant Benjamin Moore & Co. and DOES 1-100 are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over the claims asserted herein individually and on behalf of the Class pursuant to 28 U.S.C. § 1332(d)(2). Subject matter jurisdiction is proper because: (1) the amount in controversy in this class action exceeds five million dollars, exclusive of interest and costs; and (2) a substantial number of the members of the proposed Class are citizens of a state different from that of Defendant Benjamin Moore & Co. The amount in controversy exceeds $5,000,000 for Plaintiff and members of the Class collectively, exclusive of interest and costs, because of the combined purchase price or premium paid by Plaintiff and the members of the Class for Natura Paints, and the profits kept by Defendants from such transactions due to the conduct alleged herein.

11.      This Court has jurisdiction over Defendants because each is a corporation or other entity that has sufficient minimum contacts in California, is a citizen of California, or otherwise intentionally avails itself of the California market either through the distribution, sale or

DOCUMENT PREPARED
ON RECYCLED PAPER

-3-

marketing of Natura Paints in the State of California or by having a facility located in California so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

12.    Venue is proper pursuant to 28 U.S.C. § 1391(a) because Defendant Benjamin Moore & Co. is a resident of this District pursuant to 28 U.S.C. § 1391(c), and a substantial part of the events or omissions giving rise to the claim occurred in this District.

13.    **Intradistrict Assignment (L.R. 3-2(c) and (d) and 3.5(b))**:  This action arises in San Francisco County, in that a substantial part of the events which give rise to the claims asserted herein occurred in San Francisco County.

## BACKGROUND FACTS

14.    VOCs are a group of organic compounds that are emitted as gases from solids or liquids at room temperature.  These chemicals cause a variety of serious adverse health effects and are a significant contributor to both indoor air pollution and environmental smog production.

15.    EPA warns that the health impacts from breathing VOCs range from nose and throat discomfort, headaches and nausea to more severe damage to the liver, the kidneys and the central nervous system.  Some VOCs are also known to cause cancer in people and animals.

16.    Pregnant women, infants, children, asthmatics and those suffering from allergies are particularly susceptible to the adverse health effects of VOCs.  Infants and children are more susceptible to the adverse health effects of VOCs because they breathe air in greater volume relative to their body size than adults, their organs and respiratory, immune and neurological systems are still developing, and they have higher heart rates than adults.  This allows substances that are absorbed into the blood (such as VOCs) to permeate tissues faster.  For these reasons, EPA recommends that pregnant women and children should avoid exposure to VOCs by among other things, limiting their exposure to paint fumes and their time in freshly painted rooms. VOCs also act as asthma triggers which can cause asthma attacks as well as allergic reactions.

17.    Indoor air pollution and the adverse health impacts it creates are a significant public health concern and VOCs are one of the primary contributors to indoor air pollution.  A study by EPA covering six communities in various parts of the United States found indoor VOC

Document Prepared
on Recycled Paper

-4-

levels up to ten times higher than those outdoors, even in locations with significant outdoor air pollution sources, such as petrochemical plants.  U.S. Environmental Protection Agency, Project Summary: The Total Exposure Assessment Methodology (TEAM) Study, EPA-600-S6-87-002 (1987).  During certain activities such as paint stripping, VOC levels may be 1,000 times the outdoor background levels.

18.    VOCs also pose a significant environmental hazard in outdoor air pollution.  Smog is created when VOCs react with sunlight and nitrogen oxides in air.  Smog is a serious air pollutant that is especially harmful to senior citizens, children and people with heart and lung conditions such as emphysema, bronchitis and asthma.  Not only does smog created by VOCs have serious adverse health impacts, but smog is also an environmental hazard.  EPA states that smog adversely affects sensitive vegetation and ecosystems, including forests, parks, wildlife refuges and wilderness areas.  VOCs also contribute to global warming and climate change and for that reason many consumers prefer to purchase products that do not contain or emit VOCs.

19.    For these reasons, many consumers concerned about negative human and environmental health impacts actively seek products that do not contain or emit VOCs.  Likewise, companies market their products to these consumers as "green" products that do not contain or emit VOCs.

20.    Defendants advertise, market and sell Natura Paints as "green" products that have "Zero VOCs," "Zero emissions," and "No harsh fumes" and that are "Green without compromise" and "Safer for your family."  These claims are uniform, consistent and prominently displayed on Natura Paint labels.  These claims are reproduced below, and a true and correct copy of the full Natura Paint label is attached hereto as Exhibit 1.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28







21.    Defendants' marketing, advertising and promotional materials for Natura Paints also uniformly represent that Natura Paints do not emit or contain VOCs.  Portions of these claims asserted by Defendants in a Natura Paint brochure are set forth below, while the full brochure is attached hereto as Exhibit 2.



FIRST AMENDED CLASS ACTION COMPLAINT

DOCUMENT PREPARED
ON RECYCLED PAPER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22.    Internet web site materials also state that Natura Paints are emission free and do not emit or contain VOCs.  Portions of these claims asserted by Defendants on the Natura Paint web site are set forth below, while the full text of the page is attached hereto as Exhibit 3.



NATURA IS GREEN WITHOUT COMPROMISE®

With zero VOCs, zero emissions and no harsh fumes**, Natura can have a positive impact on air quality. This is a truly environmentally friendly paint without sacrifice to performance or color integrity.



Document Prepared
on Recycled Paper

FIRST AMENDED CLASS ACTION COMPLAINT

23.     In marketing Natura Paints, Defendants have made the following uniform representations regarding Natura Paints:

    a.  Zero VOC

    b.  Zero Emission

    c.  No harsh fumes

    d.  Green Seal Certified

    e.  Benjamin Moore's Green Promise Zero VOC

    f.  Asthma and allergy friendly

    g.  Safer for your family

24.     Defendants have made these representations on Natura Paint product labeling, in brochures distributed with Natura Paints, in print publications, on store displays, on Defendants' website, on the websites of third party retailers, on the internet, in television advertisements and on and in other forms of marketing and advertising.

25.     As illustrated by the examples above, Defendants' marketing of Natura Paints communicates one consistent theme: if a consumer is concerned about exposures to VOCs, Natura Paints are the best choice because they do not contain, emit or expose consumers, including children and pregnant women, to VOCs.

26.     The claims made by Defendants that Natura Paints do not contain, emit or expose consumers to VOCs are uniform, consistent and material, and because they are false, ordinary consumers including members of the Class are likely to be deceived by such representations.

27.     Some of Defendants' labeling and marketing materials include a fine print disclaimer stating that the Natura Paints are "Zero VOC according to EPA Method 24." This disclosure suffers from multiple infirmities. First, it is a fine print back label disclaimer that is not located on the primary display panel where the large print Zero VOC claim is located. The fine print disclaimer is thus not likely to be read or understood by a reasonable consumer and thus not capable of correcting a contrary and far more prominent front label claim. Second, EPA Method 24 is a test method that, unbeknownst to most consumers, is not capable of measuring low levels of VOCs and is thus not a method capable of supporting a Zero VOC claim. Finally,

by using an inappropriate test method that contains the EPA initials, the reasonable consumer is likely to wrongly conclude that Natura Paints meet EPA standards as a Zero VOC Paint.

28.    The Federal Trade Commission ("FTC") has promulgated guidance describing when a "free-of" claim is likely to deceive consumers. *See* 16 Code of Federal Regulation ("C.F.R.") §260.1, *et seq*. (Guides for the use of Environmental Marketing Claims (the "Green Guides")). The Green Guides provide that "it is deceptive to misrepresent, directly or by implication, that a product … is free of, or does not contain or use, a substance." 16 C.F.R. §260.9(a). The Green Guides further state that a "free-of" claim such as "Zero VOC" and "Zero emissions" is not appropriate if, among other things: (1) the level of the substance is more than that which would be found as an acknowledged trace contaminant or background level; (2) the substance's presence does not cause material harm that consumers typically associate with that substance; or (3) the substance has been added intentionally to the product. 16 C.F.R. §260.9(c).

29.    Natura Paints contain and emit VOCs at more than background levels. In addition, application of Natura Paints increases the level of VOCs in ambient air during and after application at levels that can cause material harm to sensitive groups such as pregnant women, infants and children, asthmatics and those suffering from allergies. Finally, Defendants intentionally add ingredients to Natura Paints during the manufacturing process that contain and emit VOCs. Because Defendants intentionally add ingredients that they know contain VOCs to Natura Paints and because those ingredients cause Natura Paints to contain more than background levels of VOCs, Defendants' claims that Natura Paints are "Zero emissions" and "Zero VOC" are deceptive under the Green Guides. Defendants' labeling, advertising and marketing claims that Natura Paints do not contain or emit VOCs are therefore likely to deceive a reasonable consumer.

30.    Defendants' false representations that Natura Paints are "Zero emissions" and "Zero VOC" and emit no harsh fumes are particularly egregious in that they are likely to exacerbate exposures to these chemicals because consumers who might otherwise take precautions to avoid exposure to VOCs and other chemicals from paint during and after application are not likely to do so in reliance on Defendants' false representations that Natura Paints do not contain or emit VOCs or harsh fumes.

DOCUMENT PREPARED ON RECYCLED PAPER

31.    Plaintiff places a high priority on environmental concerns in general, and on indoor air quality in particular.  In shopping for interior paint for his home, Plaintiff was particularly concerned about chemical emissions and specifically VOC emissions.  Before selecting Natura Paints to paint his home, Plaintiff conducted extensive research into environmentally friendly paints that do not contain or emit toxic chemicals.  In conducting his research, Plaintiff determined from various sources – including Defendants' product labels, in-store promotional materials and product information sheets – that Natura Paints are "green" and do not contain, emit or expose people to VOCs or harsh chemicals.  Defendants' representations are thus material to Plaintiff.

32.    Plaintiff first learned about VOCs in paint when he was in charge of renovation at his workplace, the Center for Biological Diversity ("CBD"), in 2008.  Some of Plaintiff's colleagues were sensitive to chemicals and given the environmental mission of CBD, Plaintiff wanted to purchase paint that was environmentally friendly.  CBD hired a painting contractor who met with Plaintiff and informed him about VOCs in paint.  The contractor provided brochures to Plaintiff regarding zero VOC paint, including a brochure for Natura Paints that stated that Natura was a zero VOC paint.

33.    In 2010, when Plaintiff purchased his home in San Francisco, Plaintiff specifically sought to purchase zero VOC paint for his home, and was willing to pay a premium for it. Plaintiff went to Cole Hardware at 3312 Mission St., San Francisco, CA 94110 ("Cole's"), because Plaintiff was aware that Cole's sold zero VOC paint, including Natura Paints.  At Cole's, Plaintiff viewed the labels of Natura Paints which stated the paints had "Zero VOCs."  Plaintiff also collected marketing brochures for Natura Paints from Cole's and took them home.  Plaintiff then decided to purchase Natura Paint from Cole's to use in his home based on the representations on the labels, brochures and in-store displays stating that Natura Paints contained and emitted "Zero VOCs."

34.    In May 2016, Plaintiff hired a contractor to sheetrock and paint several walls in his home that had experienced water leaks and mold infestation.  He again sought to purchase zero VOC paint and specifically directed his contractor to purchase Natura Paints based on Plaintiff's

DOCUMENT PREPARED ON RECYCLED PAPER

1   continued reliance on the labels, brochures and in-store displays for Natura Paints that the

2   products were "Zero VOC" and had "Zero emissions" and "No harsh fumes." On May 11, 2016,

3   Plaintiff's contractor purchased one gallon of Fresh Start Natura Paint Primer in White, one

4   gallon of Natura Paint Flat in Swiss Coffee, one gallon of Natura Paint Eggshell in Gray Horse,

5   and one quart of Natura Paint Eggshell in Portland from the House of Color on 2850 24th Street,

6   San Francisco, CA 94110 ("House of Color").

7        35.     On July 30, 2016, Plaintiff went to House of Color to purchase additional paint for

8   his home. After viewing the labels and brochures for Natura Paint at the House of Color, Plaintiff

9   purchased one gallon of Natura Paint Eggshell in Lime Sorbet on reliance on the representations

10  on the labels and brochures that the paint was "Zero VOC" and had "Zero emissions" and "No

11  harsh fumes." Plaintiff then went back to House of Color on November 5, 2016, to purchase an

12  additional quart of Natura Paint Eggshell in Lime Sorbet, where Plaintiff encountered and viewed

13  the same labels and brochures.

14       36.     Natura Paints are priced as premium paint products that generally cost more than

15  $50 per gallon. Natura Paints are priced and positioned as the premier "green" paint product on

16  the market.

17       37.     Plaintiff purchased Natura Paints in reliance on Defendants' representations that

18  Natura Paints do not contain, emit or expose consumers to VOCs, believing that Natura Paints

19  were the best choice for those concerned about exposure to VOCs and other toxic chemicals.

20  Plaintiff and other members of the Class were willing to pay a premium for Natura Paint based on

21  Defendants' representations that Natura Paint did not contain or emit VOCs or harsh fumes.

22       38.     Defendants' representations that Natura Paints do not contain or emit VOCs are

23  false. To the contrary, Natura Paints contain, emit and expose consumers to VOCs. Moreover,

24  Defendants intentionally add ingredients that contain VOCs to Natura Paints such that Natura

25  Paints will expose consumers to VOCs during and after applications. Defendants know that the

26  ingredients used in Natura Paints cause the amount of VOCs emitted from Natura Paints to be

27  greater than background levels. Had Plaintiff and the other members of the Class known that

28  Natura Paints contain and emit VOCs — contrary to Defendants' representations — they would

Document Prepared
on Recycled Paper

-12-

1  not have purchased Natura Paints, or would not have paid the premium price charged by

2  Defendants for Natura Paints.

3        39.      Plaintiff continues to desire to purchase zero VOC paint for future projects.

4  Plaintiff would purchase paint manufactured by Defendants in the future if Defendants'

5  representations that the paints did not contain, emit or expose users to VOCs or harsh fumes were

6  true.  Plaintiff would like to buy zero VOC paint from Defendants in the future, but is unable to

7  determine with confidence, based on the labeling, brochures and other marketing materials,

8  whether the paints are truly zero VOC.  Plaintiff would not have purchased Natura Paints, or

9  would not have paid a premium for Natura Paints, if Defendants had disclosed that the paints emit

10  and expose users to VOCs.

11        40.      Defendants are aware that Natura Paints contain and emit VOCs, yet Defendants

12  have not undertaken any effort to notify their end use customers of the problem.  Defendants'

13  failure to disclose that Natura Paints emit and expose users to VOCs is an omission of facts that

14  are material to Plaintiff and the other members of the Class.

15                    **CLASS ACTION ALLEGATIONS**

16        41.      Plaintiff brings this suit individually and as a class action pursuant to C.C.P §382,

17  on behalf of himself and the following Class of similarly situated individuals:

18            All persons who purchased Natura Paints for personal, family or

19            household purposes in California (either directly or through an

20            agent) during the applicable statute of limitations period (the

21            "Class").  Specifically excluded from the Class are Defendants; the

22            officers, directors or employees of Defendants; any entity in which

23            Defendants have a controlling interest; and any affiliate, legal

24            representative, heir or assign of Defendants.  Also excluded are any

25            judicial officer presiding over this action and the members of

26            his/her immediate family and judicial staff, and any juror assigned

27            to this action.

28

42.     Plaintiff is unable to state the precise number of potential members of the proposed Class because that information is in the possession of Defendants.  However, the number of Class members is so numerous that joinder would be impracticable.  The exact size of the proposed Class and the identity of its members will be readily ascertainable from the business records of Defendants and Defendants' retailers as well as Class members' own records and evidence (many people keep old paint cans in order to match colors in the future).  Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable.  The disposition of the claims of the members of the Class in this class action will substantially benefit both the parties and the Court.

43.     There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members.  Proof of a common set of facts will establish the liability of Defendants and the right of each member of the Class to relief.  These common legal and factual questions, which do not vary among Class members and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to the following:

      a.  whether Defendants advertise and market Natura Paints by representing that Natura Paints are "Zero Emission," "Zero VOC" and emit "No harsh fumes";

      b.  whether Defendants' marketing, advertising and labeling claims regarding the "green" qualities of the Natura Paints and specifically whether Defendants' statements that Natura Paints are "Zero Emission," "Zero VOC" and emit "No harsh fumes," are likely to deceive a reasonable consumer;

      c.  whether Defendants intentionally add VOCs to the paint;

      d.  whether Defendants' Natura Paints emit more than the background level of VOCs during and after application;

      e.  whether Defendants' Natura Paints emit VOCs after application and, if so, for how long;

      f.  whether Defendants' fine print disclaimer regarding test method EPA 24 is

DOCUMENT PREPARED ON RECYCLED PAPER

likely to be read and understood by a reasonable consumer;

g.  whether Defendants' fine print disclaimer regarding test method EPA 24 is likely to deceive a reasonable consumer;

h.  whether Defendants' claims regarding the "green" qualities of Natura Paints that specifically promise that Natura Paints are "Zero Emission," "Zero VOC" and emit "No harsh fumes" would be material to a reasonable consumer of Natura Paints;

i.  whether Defendants' conduct in advertising, marketing and labelling of Natura Paints constitutes a violation of California consumer protection laws;

j.  whether Defendants' representations concerning Natura Paints constitute express warranties with regard to Natura Paints;

k.  whether Defendants breached the express warranties they have made with regard to Natura Paints;

l.  whether punitive damages are warranted for Defendants' conduct and, if so, an appropriate amount of such damages; and

m.  whether Plaintiff and the Class members are entitled to injunctive and other equitable relief and to monetary relief.

44.  Defendants utilize marketing, advertisements and labeling that include uniform misrepresentations that misled Plaintiff and the other members of the Class. Defendants' claims regarding the "green" qualities of Natura Paints that specifically promise that Natura Paints are "Zero Emission," "Zero VOC" and emit "No harsh fumes" are the most prominent features of Defendants' marketing, advertising and labeling of Natura Paints. Nonetheless, Natura Paints do in fact contain, emit and expose consumers to VOCs. Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the parties.

45.  Plaintiff asserts claims that are typical of the claims of the entire Class. Plaintiff and all members of the Class have been subjected to the same wrongful conduct because they have purchased Natura Paints that are labeled and sold as paints that do not contain or emit VOCs when they in fact do contain and emit VOCs.

46.    Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has no interests antagonistic to those of other members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in complex litigation of this nature to represent him.  Plaintiff anticipates no difficulty in the management of this litigation as a class action.

47.    Proceeding as a class action provides substantial benefits to both the parties and the Court because this is the most efficient method for the fair and efficient adjudication of the controversy.  Class members have suffered and will suffer irreparable harm and damages as a result of Defendants' wrongful conduct.  Because of the nature of the individual Class members' claims, few, if any, could or would otherwise afford to seek legal redress against Defendants for the wrongs complained of herein, and a representative class action is therefore appropriate, the superior method of proceeding, and essential to the interests of justice insofar as the resolution of Class members' claims are concerned.  Absent a representative class action, members of the Class would continue to suffer losses for which they would have no remedy, and Defendants would unjustly retain the proceeds of their ill-gotten gains.  Even if separate actions could be brought by individual members of the Class, the resulting multiplicity of lawsuits would cause undue hardship, burden and expense for the Court and the litigants, as well as create a risk of inconsistent rulings which might be dispositive of the interests of the other members of the Class who are not parties to the adjudications or may substantially impede their ability to protect their interests.

## **FIRST CAUSE OF ACTION**

### **(Plaintiff, on Behalf of Himself and the Class, Alleges Breach of Express Warranty)**

48.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 47 of this Complaint.

49.    The Uniform Commercial Code §2-313 provides that an affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the promise.

50.     As detailed above, Defendants marketed and sold Natura Paints as "green" paints that specifically promise they are "Zero Emission," "Zero VOC" and emit "No harsh fumes." Defendants' representations that Natura Paints are "Zero Emission," "Zero VOC" and emit "No harsh fumes" constitute affirmations of fact made with regard to Natura Paints as well as descriptions of Natura Paints.

51.     Defendants' representations regarding the "green" qualities of Natura Paints that specifically promise that Natura Paints do not contain or emit VOCs are primary to the labeling, advertising and marketing of Natura Paints and are uniformly made in Natura Paints' advertising, promotional materials, brochures, internet sites and other marketing materials, and on Natura Paints' labelling and packaging materials, and are thus part of the basis of the bargain between Defendants and purchasers of Natura Paints.

52.     California has codified and adopted the provisions of the Uniform Commercial Code governing the express warranty of merchantability (Cal. Com. Code §2313).

53.     At the time that Defendants designed, manufactured, sold and distributed Natura Paints, Defendants knew that Natura Paints were intended and expressly warranted to not contain or emit VOCs or harsh fumes.

54.     As set forth in the paragraphs above, Natura Paints contain, emit and expose consumers to VOCs and thus do not conform to Defendants' express representations to the contrary.  Defendants have thus breached their express warranties concerning Natura Paints.

55.     On December 20, 2017, Plaintiff sent a pre-suit demand letter to Defendants notifying Defendants that Natura Paints contain, emit and expose consumers to VOCs and harsh fumes.  Defendants therefore have actual and constructive knowledge that Natura Paints are not "Zero Emission" or "Zero VOC," and that they emit harsh fumes, and that Natura Paints were thus not sold as marketed and advertised.

56.     As a direct and proximate result of Defendants' breach of express warranties, Plaintiff and Class members have suffered damages.

Wherefore, Plaintiff prays for judgment against Defendants, as set forth hereafter.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SECOND CAUSE OF ACTION

**(Plaintiff, on Behalf of Himself and the Class, Alleges Violations of the California Consumers Legal Remedies Act – Injunctive Relief and Damages)**

57.      Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 56 of this Complaint.

58.      Plaintiff and the Class members purchased Natura Paints for personal, family or household purposes.

59.      The acts and practices of Defendants as described above were intended to deceive Plaintiff and the Class members as described herein and have resulted and will result in damages to Plaintiff and the Class members.  These actions violated and continue to violate the CLRA in at least the following respects:

a.      In violation of Section 1770(a)(5) of the CLRA, Defendants' acts and practices constitute representations that Natura Paints have characteristics, uses or benefits which they do not;

b.      In violation of Section 1770(a)(7) of the CLRA, Defendants' acts and practices constitute representations that Natura Paints are of a particular quality, which they are not; and

c.      In violation of Section 1770(a)(9) of the CLRA, Defendants' acts and practices constitute the advertisement of Natura Paints without the intent to sell them as advertised.

60.      By reason of the foregoing, Plaintiff and the Class members have suffered damages.

61.      By committing the acts alleged above, Defendants violated the CLRA.

62.      In compliance with the provisions of California Civil Code §1782, on December 20, 2017, Plaintiff provided written notice to Defendants of his intention to seek damages under California Civil Code §1750, *et seq.*, and requested that Defendants offer an appropriate consideration or other remedy to all affected consumers.  As of the date of this amended

1    complaint, Defendants have not done so.  Accordingly, Plaintiff seeks damages pursuant to

2    California Civil Code §1781(a).

3        63.    Plaintiff and the Class members are entitled to, pursuant to California Civil Code

4    §1780(1)(2), an order enjoining the above-described wrongful acts and practices of Defendants,

5    providing actual and punitive damages and restitution to Plaintiff and the Class members, and

6    ordering the payment of costs and attorneys' fees and any other relief deemed appropriate and

7    proper by the Court under California Civil Code §1780.

8        Wherefore, Plaintiff prays for judgment against Defendants, as set forth hereafter.

9                        **THIRD CAUSE OF ACTION**

10      **(Plaintiff, on Behalf of Himself, the Class and the General Public,**
        **Alleges Violations of California Business & Professions Code §17200,**
11      ***et seq*. Based on Fraudulent Acts and Practices)**

12       64.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 63 of

13   this Complaint.

14       65.    Under Business & Professions Code §17200, any business act or practice that is

15   likely to deceive members of the public constitutes a fraudulent business act or practice.

16       66.    Defendants have engaged and continue to engage in conduct that is likely to

17   deceive members of the public.  This conduct includes, but is not limited to, representing the

18   Natura Paints as "green" paints that do not contain or emit VOCs and have no harsh fumes.

19       67.    Plaintiff purchased Natura Paints in reliance on Defendants' representations that

20   Natura Paints were emission and VOC free.  Defendants' claims that Natura Paints have no harsh

21   fumes and do not contain or emit VOCs are material and untrue.  Defendants' paints both contain

22   and emit VOCs during and after applications.  These "green" claims are prominent on all of

23   Defendants' marketing, advertising and labelling materials, even though Defendants are aware

24   that the claims are false.  Defendants' claims are thus likely to deceive both Plaintiff and a

25   reasonable consumer.  Plaintiff would not have purchased Natura Paints or would not have paid a

26   premium for Natura Paints but for Defendants' false representations that Natura Paints are

27   "green" products that do not contain or emit VOCs.  Plaintiff has thus suffered injury in fact and

28

1    lost money or property as a direct result of Defendants' misrepresentations and material

2    omissions.

3        68.    By committing the acts alleged above, Defendants have engaged in fraudulent

4    business acts and practices, which constitute unfair competition within the meaning of Business

5    & Professions Code §17200.

6        69.    An action for injunctive relief and restitution is specifically authorized under

7    Business & Professions Code §17203.

8        Wherefore, Plaintiff prays for judgment against Defendants, as set forth hereafter.

9                           **FOURTH CAUSE OF ACTION**

10       **(Plaintiff, on Behalf of Himself, the Class and the General Public,**
         **Alleges Violations of California Business & Professions Code §17200, *et seq*.**
11       **Based on Commission of Unlawful Acts)**

12       70.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 69 of

13   this Complaint.

14       71.    The violation of any law constitutes an unlawful business practice under Business

15   & Professions Code §17200.

16       72.    As detailed more fully in the preceding paragraphs, the acts and practices alleged

17   herein were intended to or did result in the sale of Natura Paints in violation of the CLRA,

18   California Civil Code §1750, *et seq*., and specifically California Civil Code §1770(a)(5),

19   §1770(a)(7) and §1770(a)(9).

20       73.    Defendants' conduct also violates Section 5 of the FTC Act, 15 U.S.C. §45, which

21   prohibits unfair methods of competition and unfair or deceptive acts or practices in or effecting

22   commerce.  By misrepresenting that Natura Paints contain zero VOCs, and by failing to disclose

23   that Natura Paints emit and expose consumers to VOCs, Defendants are violating Section 5 of the

24   FTC Act.

25       74.    Defendants' conduct also violates California Business & Professions Code

26   §17500, which prohibits knowingly making, by means of any advertising device or otherwise,

27   any untrue or misleading statement with the intent to sell a product or to induce the public to

28

purchase a product.  By misrepresenting that Natura Paints are "Zero Emission," "Zero VOC" and emit "No harsh fumes," and by failing to disclose that Natura Paints emit and expose consumers to VOCs during and after application, Defendants are violating Business & Professions Code §17500.

75.    Defendants' conduct also violates California Business & Professions Code §17580.5, which makes it unlawful for any person to make any untruthful, deceptive or misleading environmental marketing claim.  Pursuant to section 17580.5, the term "environmental marketing claim" includes any claim contained in the Green Guides.  16 C.F.R. §260.1, *et seq.*  Under the Green Guides, a "free-of" claim is not appropriate if, among other things: (1) the level of the substance is more than that which would be found as an acknowledged trace contaminant or background level; or (2) the substance has been added intentionally to Natura Paints.  16 C.F.R. §260.9(c).  Here, during and after application of Natura Paint, VOC levels are increased above background levels as a direct result of VOCs in Natura Paint.  Further, Defendants intentionally add ingredients that contain VOCs to Natura Paints knowing that the paint will emit and expose consumers to VOCs both during and after application.  Because Defendants intentionally add ingredients that they know contain VOCs to Natura Paints and because those ingredients cause VOC levels to increase above background levels, it is not appropriate for Defendants to make a "free-of" claim pursuant to the Green Guides.  By misrepresenting that Natura Paints do not contain VOCs, and by making the other green-washing claims described above, Defendants are violating Business & Professions Code §17580.5.

76.    Defendants' conduct is also a breach of warranty.  Defendants' representations that Natura Paints are "Zero Emission," "Zero VOC" and emit "No harsh fumes" constitute affirmations of fact made with regard to Natura Paints, as well as descriptions of Natura Paints, that are part of the basis of the bargain between Defendants and purchasers of Natura Paints.  Because those representations are material and false, Defendants have breached their express warranty as to Natura Paints and have violated California Commercial Code §2313.

77.    By violating the CLRA, the FTC Act, Business & Professions Code §§17500 and 17580.5, and California Commercial Code §2313, Defendants have engaged in unlawful business

acts and practices which constitute unfair competition within the meaning of Business & Professions Code §17200. Plaintiff would not have purchased Natura Paints or would not have paid a premium for Natura Paints but for Defendants' unlawful business practices. Plaintiff has thus suffered injury in fact and lost money or property as a direct result of Defendants' misrepresentations and material omissions.

78.    An action for injunctive relief and restitution is specifically authorized under Business & Professions Code §17203.

Wherefore, Plaintiff prays for judgment against Defendants, as set forth hereafter.

## FIFTH CAUSE OF ACTION

**(Plaintiff, on Behalf of Himself, the Class and the General Public,
Alleges Violations of California Business & Professions Code §17200, *et seq*.
Based on Unfair Acts and Practices)**

79.    Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 78 of this Complaint.

80.    Under California Business & Professions Code §17200, any business act or practice that is unethical, oppressive, unscrupulous or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

81.    Defendants have engaged and continue to engage in conduct which is immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers. This conduct includes, but is not limited to, advertising and marketing Natura Paints as "Zero Emission," "Zero VOC" and emitting "No harsh fumes," while failing to disclose that Natura Paints emit and expose consumers to VOCs and other chemicals during and after application. These actions exacerbate these exposures because Plaintiff and Class members who might otherwise take precautions to avoid exposure to VOCs and other chemicals from paint during and after application are not likely to do so because of Defendants' false representations that Natura Paints do not contain or emit VOCs. By taking advantage of consumers concerned with both the environmental and human health impacts of VOC exposures, Defendants' conduct, as described herein, far outweighs the utility, if any, of such conduct.

DOCUMENT PREPARED
ON RECYCLED PAPER

82.     Defendants have engaged and continue to engage in conduct that violates the legislatively declared policy of the CLRA against misrepresenting the characteristics, uses, benefits and quality of goods for sale.  Defendants' conduct, including failing to disclose that use of Natura Paints expose users to VOCs during and after applications, is substantially injurious to consumers.  Such conduct has and continues to cause substantial injury to consumers because consumers would not have purchased Natura Paints but for Defendants' representations that Natura Paints do not contain or emit VOCs.  Consumers are concerned about environmental issues in general and indoor air quality in particular and Defendants' representations are therefore material to such consumers.  Misleading consumers and exposing consumers to VOCs, when consumers believe Natura Paints do not contain or emit VOCs, causes injury to such consumers that is not outweighed by any countervailing benefits to consumers or competition.  Indeed, no benefit to consumers or competition results from Defendants' conduct.

83.     Although Defendants have knowledge of the presence of VOCs in Natura Paints, Defendants failed to disclose the presence of such chemicals in Natura Paints to Plaintiff and the Class.

84.     By committing the acts alleged above, Defendants have engaged in unfair business acts and practices which constitute unfair competition within the meaning of California Business & Professions Code §17200.

85.     Plaintiff and the members of the Class have suffered injury in fact and have lost money or property because they paid for Natura Paints as a direct result of Defendants' representations concerning the nature, health and safety of Natura Paints and failure to disclose that Natura Paints contain, emit and expose them to VOCs.

86.     An action for injunctive relief and restitution is specifically authorized under California Business & Professions Code §17203.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and relief against Defendants as follows:

A.     That the Court declare this a class action;

DOCUMENT PREPARED
ON RECYCLED PAPER

-23-

B.      That the Court preliminarily and permanently enjoin Defendants from conducting their business through the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising, and other violations of law described in this Complaint;

C.      That the Court order Defendants to conduct a corrective advertising and information campaign advising consumers that Natura Paints do not have the characteristics, uses, benefits and quality Defendants have claimed;

D.      That the Court order Defendants to cease and refrain from marketing and promotion of Natura Paints that state or imply that Natura Paints do not contain, emit or expose consumers to VOCs;

E.      That the Court order Defendants to implement whatever measures are necessary to remedy the unlawful, unfair or fraudulent business acts or practices, untrue and misleading advertising and other violations of law described in this Complaint;

F.      That the Court order Defendants to notify each and every Class member of the pendency of the claims in this action in order to give such individuals an opportunity to obtain restitution and damages from Defendants;

G.      That the Court order Defendants to pay restitution to restore all Class members all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair or fraudulent business act or practice, untrue or misleading advertising, plus pre- and post-judgment interest thereon;

H.      That the Court order Defendants to disgorge all monies wrongfully obtained and all revenues and profits derived by Defendants as a result of their acts or practices as alleged in this Complaint;

I.      That the Court award damages to Plaintiff and the Class to compensate them for the conduct alleged in this Complaint;

J.      That the Court award punitive damages pursuant to California Civil Code §1780(a)(4);

1         K.     That the Court grant Plaintiff his reasonable attorneys' fees and costs of suit

2  pursuant to California Code of Civil Procedure §1021.5, California Civil Code §1780(d), the

3  common fund doctrine, or any other appropriate legal theory; and

4         L.     That the Court grant such other and further relief as may be just and proper.

5

6

7  Dated:   May 23, 2018               Respectfully submitted,

8                                         LEXINGTON LAW GROUP

9

10

11                                  *s/s  Eric S. Somers*
                                  Eric S. Somers (State Bar No. 139050)

12                                   Ryan Berghoff (State Bar No. 308812)
                                  LEXINGTON LAW GROUP

13                                   503 Divisadero Street
                                  San Francisco, CA 94117

14                                   Telephone: (415) 913-7800
                                  Facsimile: (415) 759-4112

15                                   esomers@lexlawgroup.com
                                  rbergoff@lexlawgroup.com

16                                   Attorneys for Plaintiff
                                  ADAM KEATS

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

FIRST AMENDED CLASS ACTION COMPLAINT